UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN P. DUDLA,

                Plaintiff,

   -against-                                          1:14-CV-0889 (LEK/RFT)

JOHN E. JORDAN, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 18, 2014, *pro se* Plaintiff Shawn P. Dudla ("Plaintiff") filed the present action against Defendants Judge John E. Jordan ("Judge Jordan"); Judge Scott D. Polodna ("Judge Polodna"); Cathy Stephens ("Stephens"); Osceola County ("Osceola County"); the State of Florida; John W. Campbell ("Campbell"); and Constangy Brooks & Smith, LLP ("CBS") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff alleges that Defendants violated his rights of Due Process and Equal Protection under the 14th Amendment during the course of a lawsuit in Osceola County, Florida in which Plaintiff was a defendant. Id. ¶ 17.

Presently before the Court are: Osceola County's Motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Dkt. No. 10 ("County Motion"); Defendants Judge Jordan, Judge Polodna, Stephens, and the State of Florida's Motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6), Dkt. No. 18 ("State Motion"); and Defendants Campbell and CBS's Motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), Dkt. No. 32 ("Campbell Motion").

For the following reasons, the Court grants each of Defendants' Motions.

## II. BACKGROUND[1]

Plaintiff's claims arise from a lawsuit filed in the 9th Judicial Circuit, Osceola County, Florida, on December 26, 2012, by "Von Curtis, Inc. d/b/a Paul Mitchell The School Orlando" ("Von Curtis, Inc.") against Plaintiff. Dkt. No. 1-1 ("Exhibit 1"). Plaintiff had contracted to perform consultant work for the design and installation of a "Low Voltage System" in a school located in Oveido, Florida. Compl. ¶ 23. The lawsuit concerned alleged breaches of that contract by Plaintiff and telephone conversations that Plaintiff allegedly recorded in violation of Florida law. Ex.1. Throughout the lawsuit, Plaintiff filed numerous motions objecting to the Florida court's subject matter and personal jurisdiction. Compl. ¶ 34. These motions were uniformly denied by the court. Id. ¶¶ 26, 41. On April 8, 2014, the Florida court entered a default against Plaintiff for ignoring discovery requests. Exhibit 42, Dkt. No. 1-5.

In the present lawsuit, brought under 42 U.S.C. § 1983, Plaintiff alleges that the Florida court's lack of subject matter and personal jurisdiction deprived him of his rights to Due Process and Equal Protection under the 14th Amendment. See generally Compl. Plaintiff names as defendants the individuals allegedly responsible for continuing the Florida proceedings in the absence of jurisdiction, which includes: the judges in the matter, Judge Polodna[2] and Judge Jordan;

---

[1] Because this matter is before the Court on a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section. See Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004) ("When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.").

[2] Judge Polodna disqualified himself in response to a motion filed by Plaintiff. Exhibits 32, 34, Dkt. No. 1-4.

Stephens, a judicial assistant to Judge Jordan; Osceola County and the State of Florida, as the employers of Judge Polodna, Judge Jordan, and Stephens; and the attorneys for Von Curtis, Inc., Campbell, and CBS. Id. ¶¶ 2-8. All Defendants are residents of Florida. Id.

Plaintiff is a domiciliary of New York. Id. ¶ 70. Throughout the Florida lawsuit, Plaintiff did not attend the hearings in Florida in person, but participated telephonically from New York. Id. ¶ 122.

Plaintiff seeks as relief damages of $100,000 from each Defendant, punitive damages, an injunction against further action in the Florida court, and attorneys' fees. Id. ¶¶ 341-47.

## III. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

When a defendant "moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." United States ex rel. Kreindler & Kreindler v. United Tech. Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993) (internal quotation marks and citation omitted). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." Kiryas Joel Alliance v. Village of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Buday v. N.Y. Yankees P'Ship, 486 F. App'x 894, 896 (2d Cir. 2012). The plaintiff bears the burden of establishing that a court has subject matter jurisdiction. See Garanti

3

Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir. 2012).

**B. Personal Jurisdiction**

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction over a defendant. Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986); Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (citation omitted). While a court should assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), it should "not draw 'argumentative inferences' in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

**C. Venue**

The same standard of review that applies to a 12(b)(2) motion to dismiss for lack of personal jurisdiction also applies to a 12(b)(3) motion seeking dismissal for improper venue. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). Thus, a plaintiff bears the burden of showing that

the action has been brought in an appropriate venue. CutCo, 806 F.2d at 364. Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a prima facie showing that the venue is appropriate. Id.

## IV. DISCUSSION

All Defendants argue that the Court should dismiss this action either pursuant to: (1) Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (2) Federal Rule of Civil Procedure 12(b)(3) for improper venue; or (3) Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Campbell Motion additionally argues that the Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, and the State Motion argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service.

### A. Subject Matter Jurisdiction

*1. Rooker-Feldman Doctrine*

The Campbell Motion argues that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, since Plaintiff seeks review of events connected to the entry of a state court judgment. Campbell Mot. at 17. Although Plaintiff's Complaint entirely concerns the Florida action, a federal court is not barred from reviewing an action that presents an "independent claim," even if it might "den[y] a legal conclusion that a state court has reached in a case to which he was a party." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 86 (2d Cir. 2005) (quoting Exxon-Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)). Plaintiff has raised independent claims—specifically, Plaintiff alleges a conspiracy between Judge Polodna and Judge Jordan on the one side, and Campbell on the other—and the Court therefore need not address

5

whether the entire action is barred under Rooker-Feldman.

   *2. Sovereign Immunity*

To the extent Plaintiff alleges claims against the State of Florida, the Court finds that the 11th Amendment bars Plaintiff's suit; accordingly, the State is dismissed as a defendant on that ground. Edelman v. Jordan, 415 U.S. 651, 678 (1974) ("Eleventh Amendment defense . . . partakes of the nature of a jurisdictional bar."); Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999). The State of Florida has not waived its sovereign immunity in this matter, Gamble v. Fla. Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1515 (11th Cir. 1986), nor did Congress abrogate state sovereign immunity with 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332, 341 (1979).

The Court does not address whether sovereign immunity also applies to Judge Jordan, Judge Polodna, and Stephens insofar as Plaintiff sues them in their official capacity, since the Court grants their Motion to dismiss on other grounds *infra*. See Tyler v. Douglas, 280 F.3d 116, 121 (2d Cir. 2001) (bypassing Eleventh Amendment argument and dismissing case on other grounds).

   **B. Personal Jurisdiction**

In determining whether the Court may exercise personal jurisdiction, the Court must engage in a two-part inquiry. "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life, 84 F.3d at 567; Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). New York law provides two bases for personal jurisdiction: (1) New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 301, which authorizes general jurisdiction, and (2) N.Y. C.P.L.R. § 302(a),

which authorizes long-arm jurisdiction. Defendants argue that neither provision authorizes jurisdiction over them because Plaintiff has not pled that Defendants had any contact with New York other than having corresponded with Plaintiff in connection with the Florida lawsuit. Cnty. Mot. at 3; State Mot. at 5-7; Campbell Mot. at 6-8. Such contacts, Defendants argue, are insufficient to confer personal jurisdiction. Cnty. Mot. at 3; State Mot. at 5-7, Campbell Mot. at 6-8.

*1. N.Y. C.P.L.R. § 301*

N.Y. C.P.L.R. § 301 authorizes general jurisdiction over individuals who are domiciled, physically present, or doing business in New York. Popolizio v. Schmitt, No. 11-cv-1329, 2013 WL 316545, at *4 (N.D.N.Y. Jan. 28, 2013) (Kahn, J.). Plaintiff has not pled any facts to support a finding that jurisdiction over Defendants would be proper under any of these grounds. First, each Defendant is a Florida resident. Compl. ¶¶ 2-10. Second, Affidavits filed by Plaintiff establish that Defendants were served in Florida, not New York. Dkt. No. 7. Finally, Plaintiff does not allege that Defendants do any business in New York. Therefore, § 301 does not provide jurisdiction over Defendants.

*2. N.Y. C.P.L.R. § 302(a)*

New York's long arm statute, N.Y. C.P.L.R. § 302(a), provides for jurisdiction over an out-of-state domiciliary, "who in person or through an agent:"

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state . . .; or
3. commits a tortious act without the state causing injury to person or property within the state, . . . if he
    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or

7

     consumed or services rendered, in the state, or
(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a). Construing Plaintiff's Complaint liberally as a *pro se* plaintiff, see Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002), Plaintiff appears to claim that Defendants' activities satisfy the requirements of § 302(a)(1) or § 302(a)(3) by corresponding with Plaintiff from Florida.[3] Dkt. No. 36-1 ("Response") at 13. The Court agrees with Defendants that these "litigation related activities" are insufficient to satisfy either § 302(a)(1) or § 302(a)(3).

  In order to find that a party "transacts business" within New York under § 302(a)(1), the party must have "purposefully availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999) (quotation omitted). However, "contacts through telephone calls, the mail, and by facsimile"—the type of contacts Defendants had with New York—are generally insufficient to establish that a party has transacted business "within New York." Kahn Lucas Lancaster, Inc. v. Lark Int'l, Ltd., 956 F. Supp. 1131, 1135 (S.D.N.Y. 1997); see also Maranga v. Vira, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005). Such contacts are only sufficient "if they were related to some transaction that had its center of gravity inside New York." Maranga, 386 F. Supp. 2d at 306. In the instant case, "the center of gravity" is clearly Florida, where the proceedings entirely occurred. Although Plaintiff did not attend, he participated telephonically in hearings held in Florida. Plaintiff therefore has not pled facts satisfying the requirements of § 302(a)(1).

---

 [3] Section 302(a)(2) is inapplicable because Plaintiff does not allege that Defendants were ever present in New York.

Defendants' correspondence with Plaintiff similarly does not meet the requirements of § 302(a)(3). In addition to committing an act outside the state causing injury within the state, a party must also either (1) do business or engage in a "persistent course of conduct . . . in the state," or (2) expect or reasonably expect "the act to have consequences in the state" and "derive[] substantial revenue from interstate . . . commerce." N.Y. C.P.L.R. § 302(a)(3). Defendants' correspondence with Plaintiff in New York only occurred in connection with the Florida proceedings and does not constitute a "persistent course of conduct." See Girl Scouts of United States v. Steir, 102 Fed. App'x 217, 220 (2d Cir. 2004). Nor is there any allegation that Defendants "derive substantial revenue from interstate commerce."

Plaintiff therefore has not met his burden of making a prima facie case of personal jurisdiction over Defendants under New York law. Plaintiff's allegations focus on conduct committed in Florida by Florida residents. Plaintiff's presence in New York during the Florida proceedings does not create a sufficient connection between Defendants' activities and New York to justify exercising jurisdiction over Defendants.

**C. Venue**

All Defendants have also moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue. Cnty. Mot.; State Mot.; Campbell Mot. Plaintiff has requested that if the Court should determine that it is an improper venue, that it then transfer the action to the District Court for the Middle District of Florida. Resp. at 11. The Court will therefore consider (1) whether it is an improper venue under 28 U.S.C. § 1391 and (2) whether it is appropriate to transfer or dismiss the action under 28 U.S.C. § 1406(a).

*1. Venue*

9

The federal venue statute, 28 U.S.C. § 1391(b), provides that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action situated; (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Northern District of New York does not meet any of these criteria as a proper venue. All Defendants reside in Florida; therefore, a judicial district in New York clearly does not satisfy § 1391(b)(1) because no Defendants reside in New York. Compl. ¶¶ 2-10. Section 1391(b)(2) is not satisfied either because "a substantial part of the events . . . giving rise to the claim" did not occur in New York. Rather, the events occurred almost exclusively in Florida, and the only events that occurred in New York were correspondence and telephone calls involving Plaintiff in those Florida proceedings. Finally, § 1391(b)(3) does not apply because there are other districts in which the action could be brought. Specifically, venue would be proper in the United States District Court for the Middle District of Florida, where both the events complained of occurred and all Defendants allegedly reside. Therefore, the Northern District is an improper venue for Plaintiff's lawsuit.

*2. Dismissal or Transfer*

Under 28 U.S.C. § 1406(a), a district court where venue is improper may either dismiss, or "in the interest of justice," transfer the action to any district "in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). A district court has the power to transfer an action to another district court even if it lacks personal jurisdiction over the defendants. Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001) (citing Goldlawr, Inc. v.

Heiman, 369 U.S. 463, 465 (1962) and Corke v. Sameiet M.S. Song of Nor., 572 F.2d 77, 80 (2d Cir. 1978)).

Plaintiff requests that if venue in this District is found improper, that the action then be transferred to the District Court for the Middle District of Florida. Resp. at 11. For the reasons stated *supra*, it is clear that the action "could have been brought" in the Middle District of Florida. The Court must therefore consider whether it is in the "interest of justice" to transfer the action to that district.

While there is no definitive test in the Second Circuit for when a district court should transfer rather than dismiss an action, it is well established that a "compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005) (quotation omitted); Corke, 572 F.2d at 80; Gibbons v. Fronton, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009). Plaintiff, however, would not be time-barred from bringing his § 1983 claims in Florida. "A §1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Secretary, DOC, 543 F.3d 644, 647 (11th Cir. 2008). The alleged deprivations of due process complained of by Plaintiff began at the earliest on December 26, 2012; thus, Plaintiff would not face any obstacle to refiling the action in Florida.

More generally, the Court may consider whether transferring the action would promote "an expeditious and orderly" adjudication on the merits, Goldlawr, 369 U.S. at 466-67, and the respective prejudice to Plaintiff and Defendants, Corke, 572 F.2d at 81. Each of these factors arguably counsels in favor of transferring: transferring would expedite resolution of Plaintiff's claims and it would not prejudice Defendants, who all reside in Florida. Moreover, dismissing

11

"would force [Plaintiff] to spend significant time and money filing a new action in a new forum." Grasso v. Bakko, 570 F. Supp. 2d 392, 397 (N.D.N.Y. 2008). The Court also considers Plaintiff's apparent good faith in filing in this venue; Plaintiff did not apparently intend to forum shop or avoid a statute of limitations defect. Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394-95 (2d Cir. 1992).

The Court nonetheless decides to dismiss rather than transfer Plaintiff's action. Plaintiff did show a "lack of diligence in choosing a proper forum," Spar, 956 F.2d at 394, insofar as venue here did not turn on an "elusive fact," Goldlawr, 369 U.S. at 466, but rather straightforward application of the venue provisions. Moreover, courts must take "a peek at the merits" in determining whether to transfer. Daniel, 428 F.3d at 436 (quoting Phillips v. Seiter, 173 F.3d 609, 620 (7th Cir. 1999)). Courts should not "waste judicial resources by transferring a case that is clearly doomed." Id.; Bryant v. U.S. Virgin Islands, No. 1:12-cv-87, 2014 WL 2480608, at *2 (D. Vt. June 3, 2014) (dismissing plaintiff's complaint that would be "unlikely" to "survive a motion to dismiss in a proper venue"). In addition to the jurisdictional grounds herein granted, Defendants have raised significant immunity grounds for dismissing Plaintiff's Complaint. Furthermore, the Court finds that the prejudice to Plaintiff of dismissing—the time and cost of refiling—is slight. See 3H Enters., Inc. v. Dwyre, 182 F. Supp. 2d 249, 259 (N.D.N.Y. 2001); McEvily v. Granai, No. 01 CIV. 5430, 2001 WL 1098005, at *2 (S.D.N.Y. Sept. 18, 2001). The Court will therefore dismiss Plaintiff's Complaint.[4]

## V. CONCLUSION

Accordingly, it is hereby:

---

[4] Because the Court grants Defendants' Motions on 12(b)(2) and 12(b)(3) grounds, it does not reach Defendants' 12(b)(5) and 12(b)(6) arguments.

**ORDERED**, that Defendant Osceola County's Motion (Dkt. No. 10) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Defendants Judge Jordan, Judge Polodna, Stephens, and the State of Florida's Motion (Dkt. No. 18) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Defendants Campbell and CBS's Motion (Dkt. No. 32) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**, and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:      January 29, 2015
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge